Hugh S. Coyle, J.
This is an appeal from a judgment of conviction rendered in the Police Justice Court of the Village of Bronxville convicting the appellant of violating a section of the Village Building Zone Ordinance which purports to reguláte the location, size and use of advertising signboards in the business ■ zones of the village. In the areas of the village zoned for residential use the only advertising media permitted are: (1) a small professional name plate or sign incidental to the use of a residence by certain professional people (Building-Zone Ordinance, art. 3, § 1 [c]), and (2) a nonartificially illuminated sign in connection with the sale or renting of a piece of land provided such sign does not exceed 4 square feet in area (Building Zone Ordinance, art. 3, § 1 [e]). Billboards and advertising signboards in the districts of the village zoned for business use are regulated by section 2 of article 9 of the Building Zone Ordinance in the following terms: “No billboards or advertising signboards that are not on or attached to a building shall be used. Such signboards shall be parallel *234 to the face of the building and no part shall project more than two inches beyond the building in any direction. No sign or signboard shall exceed two feet in height.”
The appellant railroad company maintains a passenger station located in a business A district of the village and after the effective date of the above-quoted zoning provision it installed at its station 20 advertising signboards containing commercial advertising from which it claims to derive substantial revenue. Sixteen of the signs were affixed to an open metal fence between the north and southbound tracks where the same pass between the northbound and southbound station structures. The remaining 4 signs were affixed to the inside (i.e. the sides facing the railroad tracks) of a portion of the station structure referred to by the parties as a windbreak. It is conceded that all of the signs exceeded 2 feet in height, measuring 40% to 87% inches in height and 32% to 63% inches in width.
The railroad company questions the validity of the subject sign ordinance as applied to its station property. The respondent points to three sections of the Village Law as the source of the village’s power to enact section 2 of article 9 of the Building Zone Ordinance. The first of such sections of the Village Law is subdivision 47 of section 89 which reads as follows: “ Billboards. May regulate and control the erection, construction and use in, upon and near streets and other public places of billboards and other advertising media.”
It is the respondent’s contention that the railroad station is such a public place. With this the court cannot agree. While it may well be proper to classify a railroad station as a public place within the meaning and intendment of other and different statutes, it seems clear to the court that the term public place as used in section 89 of the Village Law connotes a place ejusdem generis as a street, such as a public square or plaza. To hold otherwise would be to invest the village with incongruous powers of regulation and control of the appellant’s railroad station property. For instance, the village would be empowered (1) to grant franchises for light and water systems in, under and above the railroad station (§ 89, subd. 39), (2) to pave and repave the railroad property and provide for its payment as a general village charge (§ 89, subd. 40), (3) to plant trees thereon (§ 89, subd. 43), (4) to regulate the use of the railroad station by pedestrians, animals and motor vehicles; to regulate parades and public assemblages in the railroad station and to regulate the deposit of ashes, garbage and rubbish cm. the railroad property (§ 89, subd. 44), (5) to regulate and *235 license digging and excavating in the railroad station (§ 89, subd. 45), and (6) to prohibit the encroachment on the railroad property of bay windows, stairs, etc., from any building (§ 89, subd. 46).
Subdivision 44 of section 89 of the Village Law deals with the care and control of the streets generally and the paragraphs immediately following subdivision 44 are concerned with particular activities affecting streets and are entitled as follows: subdivision 45 “Excavating in streets”; subdivision 46 “ Incumbering streets; encroachments ”; and subdivision 47 “ Billboards ”, It is, therefore, held that the term public places when used in section 89 of the Village Law in connection with the provisions pertaining to streets means public places partaking of the nature of streets and that subdivision 47 of section 89 must be eliminated as a source of power in the village to regulate the signboards on appellant’s station property (cf. similar provisions of Town Law, § 130, subd. 7).
The other sections of the Village Law cited as the village’s authority to enact the subject signboard ordinance are section 90 empowering the village trustees to enact ordinances for the government of the village, the management of its business and for the preservation of “ good order, peace, health, safety and welfare of its inhabitants and protection and security of their property,” and section 175 of the Zoning Enabling Act, under which the village may regulate the location and use of buildings and lands for trade, industry, residence or other purposes in order to promote “ the health, safety, morals, or the general welfare of the community”.
In the case of Town of Greenburgh v. General Outdoor Adv. Co. (109 N. Y. S. 2d 826, 828) the court said, with respect to a regulation under the town’s police power, “ Not every regulation is valid — only such regulations as tend in some plain and appreciable manner to guard and protect the public are legal.”
If the restrictions on signboards contained in section 2 of article 9 of the Building Zone Ordinance bear a reasonable and substantial relation to the purposes sought to be accomplished thereby, namely the public safety or the general welfare of the inhabitants of the village, they will not be struck down even though aesthetic consideration also motivated their imposition.
In the case of People v. Rubenfeld (254 N. Y. 245, 248-249) Chief Judge Cabdozo said “ One of the unsettled questions of the law is the extent to which the concept of nuisance may be enlarged by legislation so as to give protection to sensibilities that are merely cultural or aesthetic ”.
*236 The Court of Appeals of this State has not yet answered the question as to whether advertising on private property may without compensation be restricted by law for cultural or aesthetic reasons alone. This court is of the opinion that apart from aesthetics the subject ordinance as applied to the railroad station property where the signboards are located bears no reasonable or substantial regulation to the public safety or general welfare. The signs are not situated in a residential area where they might mar the beauty of natural scenery or where by lending a business aspect affect the value of residential properties. They are not located within open public view of the streets of the business area of the village so as to distract travelers thereon. They are not located in proximity to streets so as to constitute a hazard to public safety. They are, on the other hand, so located within the confines of the railroad station property as not to create or engender the evils ordinarily associated with billboards (see 7 McQuillin on Municipal Corporations [3d ed., 1949], §§ 24, 380, pp. 310-311). The only justification for so restricing appellant’s use of its railroad station property in the record before the court appears to be the aesthetic sensitivities of the village authorities.
The judgment of conviction is reversed and the fine imposed thereon will be remitted and the complaint dismissed.
Submit order on notice.