THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ROBERT WITHERSPOON, JR., Doing Business as SUFFOLK OUTDOOR ADV., Defendant.

District Court, Suffolk County, December 13, 1966.

*Ginocchio & Ehrlich* (*Hugh J. Leitch* of counsel), for defendant. *Gerard D'Emilio, Special Town Attorney*, for plaintiff.

ALEXANDER W. KRAMER, J. Motion by defendant for an order dismissing the informations herein and/or for an order granting a demurrer to said informations.

The Long Island Rail Road leased land on its right of way at the Wyandanch Station to Transportation Displays, Inc. Transportation Displays, Inc., subleased said premises to the defendant. The defendant has erected, or caused to be erected, the signs in question on the land without first having obtained permits therefor from the Town of Babylon.

Defendant contends that the procurance of the permits is not necessary for three reasons:

1. The zoning powers of the Town of Babylon do not extend to land owned by a State authority.

2. The ordinance under attack is unconstitutional in that it prohibits signs of a size to carry national advertising in the town and is therefore a denial of due process and of equal protection of the law.

3. The enforcement of the sign ordinance in this instance is an unreasonable interference with interstate commerce and unconstitutional.

The Metropolitan Commuter Transportation District was created by chapter 324 of the Laws of 1965. The affairs of the district as well as the ownership, management and control of all of its property were placed in the hands of the Metropolitan Commuter Transportation Authority. (Public Authorities Law, § 1263.)

The land upon which the signs herein involved were erected is now owned by said Authority and/or District.

Defendant's argument is that, since the Authority could not have been subjected to the ordinance, it — as sublessee — is similarly immune. This argument poses the question of the availability of immunity of a State or municipal subdivision to the lessee or sublessee thereof.

There does seem to be authority to sustain that position.

"It has been held that where a governmental body is entitled to an exemption from zoning laws for a particular function, and it leases part of the premises involved therein to a private individual or corporation, the private lessee is likewise entitled to an exemption." (Ann. 61 ALR 2d 972; *Hill* v. *Borough of Collingswood,* 9 N. J. 369.)

The right of a plumbing contractor, hired by a school district in conjunction with the construction of a school building, to invoke immunity from local zoning ordinance requirements was recognized in the dissenting opinion in *Town of Poughkeepsie* v. *Hopper Plumbing & Heating Corp.* (23 A D 2d 884, 885).

This being so, the next question to be resolved is: Would the Metropolitan Commuter Transportation Authority have been entitled to the immunity?

The crux of that issue lies in the nature of the function under study. If the function be governmental, then the immunity may be deemed to apply. If the function be proprietary, then the immunity may not apply.

"Whether a particular activity involves a governmental function or one proprietary is a matter not always easy of

determination.'' (*Nehrbas* v. *Incorporated Vil. of Lloyd Harbor,* 2 N Y 2d 190, 194.)

In the *Nehrbas* case, the court found that the municipal activity of disposing of garbage and rubbish constituted a governmental function.

Sewage and drainage was held to be a governmental function of a city — as the result of which the city was not entitled to compensation when the State appropriated land used to maintain sewage and drainage facilities. (*City of New Rochelle* v. *State of New York,* 19 A D 2d 674.)

Furthermore, it was held that a county's reconstruction of a sanitary sewer treatment plant was a governmental function which was not to be fettered or hamstrung by local zoning ordinances, and therefore, village zoning ordinances and building regulations would not apply. (*County of Westchester* v. *Village of Mamaroneck,* 41 Misc 2d 811, affd. 22 A D 2d 143.)

Similarly maintaining a barn for the maintenance and storage of highway trucks and materials and as a base for highway maintenance operations was deemed to be a governmental function of the county; and in performing that function the Town Zoning Ordinance was not binding on the county. (*Matter of County of Tompkins* v. *Powers,* 43 Misc 2d 736.)

A careful reading of chapter 324 of the Laws of 1965 — now title 11 of article 5 of the Public Authorities Law, indicates that the over-all purpose and reason for the establishment of the Metropolitan Commuter Transportation Authority was essentially for a governmental purpose. Section 1 of chapter 324, *inter alia,* observed that: '' The continued deterioration of the financial situation and physical condition of the Long Island Rail Road, New York, New Haven and Hartford Railroad and other companies providing rail commuter transportation services constitutes a serious threat to the economic well-being of the state.''

The powers of the Authority are dealt with at length in sections 1265 and 1266 of the Public Authorities Law. Subdivision 8 of section 1266 provides, in part, that '' the authority may do all things it deems necessary, convenient or desirable to manage, control and direct the maintenance and operation of transportation facilities, equipment *or real property* operated by or under contract, lease or other arrangement with the authority.'' (Emphasis supplied.)

The prime purpose for the legislation was the guarantee of the continued operation of the railroad; the right to manage, direct and control the real property is incidental thereto. Insofar as such management, direction or control is directed towards

the actual operation, the function is governmental. Insofar as such management, direction or control is *incidental* to the actual operation, the function is proprietary.

It is to be noted that the cases mentioned, *supra* — and others not cited, but similarly decided — involve the *construction* of buildings or facilities vitally related to the performance of various governmental functions. The use of the real property in the case now before the court — for the erection and maintenance of commercial advertising signs — has no direct bearing to the governmental function for which the Metropolitan Commuter Transportation Authority was created. On the contrary, such use is merely *incidental* to the goal in chief — the continued operation of the formerly tottering railroads. To that extent the use of the land for that purpose is proprietary. The immunity, insofar as applicable, is a limited one.

The concept of limited immunity is neither new nor unique. "In some jurisdictions, governmental agencies have been held entitled to immunity from zoning regulations only where the use of the property in question was in furtherance of a governmental, rather than a proprietary, function." (Ann. 61 ALR 2d 973 and cases cited thereunder.)

The ordinance in question requires the procurement of a permit as a condition precedent to the erection of signs. Provision is also made for the payment of a fee for such permits. Umbrage may be taken with the ordinance in that the fee might be in contravention of section 1275 of the Public Authorities Law.

The primary purpose of the ordinance is regulatory. It is aimed at the erection of signs in conformity with certain designated standards. The fee charged is incidental: it is designed to defray the cost of administration of the ordinance. Should the requirement of the fee conflict with the spirit of section 1275, certainly the town may very well waive it. In this fashion the end result of the ordinance — the regulation of signs in accordance with established standards — will be maintained.

The second contention raised by the defendant cannot be sustained. The ordinance under attack, as we have noted above, is regulatory. It does not prohibit signs per se. If an issue as to the size were to arise, the remedy of an appeal to the Board of Zoning Appeals pursuant to section 267 of the Town Law is available.

Nor does this court feel that the ordinance unduly interferes with interstate commerce. The only aspect of that sort inherent in the signs in question is the nature of the commodities they

purport to advertise. The construction, erection and maintenance are strictly intrastate matters.

*People* v. *New York Cent. R. R. Co.* (5 Misc 2d 232) quoted by defendant in its brief is not applicable. The ordinance therein under consideration sought to regulate billboards in, upon and near streets and *other public places.* (Emphasis supplied.) The ordinances under attack merely regulate *signs* — no matter where erected — whether on private property or in, upon or near streets or public places.

For the reasons hereinbefore set forth, the motion is denied.