John T. Casey, J.
The Chairman and executive officer of the New York City Transit Authority moved in New York County to quash certain subpoenas served upon them by the State Comptroller, requiring the production of certain records in connection with the operation of that authority for an audit that the State Comptroller is conducting.
The Attorney-General moved to change the venue of that motion to Albany County and the motion was granted on or *36 about January 17, 1973 by Mr. Justice Dickens. A notice of appeal to the Appellate Division, First Department, was timely filed from the order of Judge Dickens by the officers, and they now contend that the merits of the motion cannot be argued or determined in Albany County since the service and filing of the notice of1 appeal effects an automatic stay of the operation and enforcement of Mr. Justice Dickens’ order pending determination of the appeal therefrom.
The officers base their argument on the provisions of CPLR 5519 (subd. [a], par. 1) and subdivision 3 of section 1212-a of the Public Authorities Law. The former provides essentially that the service of a notice of appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal where the appellant is the State or any political subdivision of the State or any officer or agency of the State or of any political subdivision of the State.
The Chairman and senior executive officer of the New York City Transit Authority in whose individual names this proceeding is brought are not officers of the State within the meaning of the statute (cf. Union Free Dist. No. 7, Town of Greenburgh v. Allen, 30 A D 2d 629), but are the officers of a separate and distinct authority and public benefit corporation, created by section 1801 (now § 1201) of the Public Authorities Law. As the appellants from the order of Judge Dickens they are not entitled to the automatic stay provided by CPLR 5519 (subd. [a], par. 1). Furthermore, the authority is not a political subdivision of the State, lacking any power to govern. (See Sarisohn v. Dennison, 53 Misc 2d 1081.) If these conclusions were not so the Legislature would have had no reason to enact subdivision 3 of section 1212-a of the Public Authorities Law and to do so would have been redundant and pointless. That section provides that “ upon an appeal taken by the authority, the service of the notice of appeal perfects the appeal and stays the execution of the judgment or order appealed from”. Obviously, this section applies only to actions taken by or against the authority itself. Nowhere in this statute does it provide for an automatic stay if the appeal is taken by the officers of the authority. If the Legislature so desired, it could and should have said so, as it did in CPLR 5519 (subd. [a], par. 1) where it specifically mentions “ officer [s] of the state ”.
If they desired, the petitioners could have moved for a stay of the order of Judge Dickens either before him or before the Appellate Division, First Department. Had they done so, the granting of such a stay from a simple order transferring the *37 venue would have at least been problematical. But not having done .so they should not expect to be situated just as if the stay which they have not applied for were granted. It must be kept in mind that the nature of the proceeding involved here is not part of a pending action. It is doubtful whether it can be designated even a “special proceeding”. (CPLB art. 4.) Bather, it is a specially provided proceeding designated a motion to quash, fix conditions or modify subpoenas under CPLB 2304, which have been issued by the Comptroller of the State without court order, and in order to avail themselves of that procedure to quash, the Chairman and senior executive officer of the New York City Transit Authority brought that motion in New York County which upon application of the Comptroller was ordered transferred to Albany County. (CPLB 506, subd. [b], par. 2.) It is significant that the place of trial of an “ action ” by or against the New York City Transit Authority shall be the County of the City of New York in which the cause of action arose or if it arose outside the city, then in the County of New York (CPLB 505, subds. [a], [b]), while a “proceeding” (not necessarily a “ special proceeding”) against the Comptroller must be commenced in Albany County Supreme Court. (CPLB 506, subd. [b], par. 2.)
In any event, CPLB 2304 provides that if a subpoena is not returnable in a court, request to withdraw or modify it shall be made first to the person who issued it (a condition which has herein been complied with) and a motion to quash may thereafter be made in the Supreme Court. Nothing contained in that statute designates venue, and venue even if improper does not result in a jurisdictional defect. (CPLB 509; Practice Commentary by Prof. McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B, CPLB 509.) The only applicable venue provision that can be involved is CPLB 506 (subd. [b], par. 2) which designates Albany County.
The officers argue that this court is required to await the determination of the pending appeal. No order staying this court’s determination has been received or even applied for to the Appellate Division, First Department, or to Judge Dickens, a court of concurrent jurisdiction. Without such stay this court sees no reason why such a proceeding should be so delayed.
As to the inconvenience which may result to the Chairman and chief executive officer by requiring the production of books and papers in Albany County, that objection has been obviated by the Comptroller’s concession of compliance if the requested *38 records are produced and made available to his staff at the Transit Authority’s office in New York City.
Having disposed of the preliminary procedural objections to the motion, this court will consider the merits. The subpoenas themselves provide that the named officers appear and testify under oath concerning matters relative to “ receipts, disbursements, contracts, leases, sinking funds, investments and any other matters relating to the financial standing of the New York City Transit Authority and all 'the operating divisions thereof for a period from March 1, 1968 to September 1, 1972”. The officers object to the audit and contend that the Comptroller is attempting to conduct a “ management operational audit” and is limited to a ‘ ‘ financial audit”. Section 2503 of the Public Authorities Law which authorizes the Comptroller to examine the books and accounts of every authority including its receipts, disbursements, contracts and other matters relating to its financial standing does not attempt to tell the Comptroller how to conduct such audit; nor does it draw such semantic distinction between “ management operational audits” and “ financial audits”, as the petitioners urge. If the Comptroller attempted to utilize the books and records made available for irrelevant purposes then relief could be .sought in the courts. (Cf. Matter of New York World’s Fair 1964-1965 Corp. v. Beame, 22 A D 2d 611, affd. 16 N Y 2d 570.) Such a determination in advance of the testimony and production of. records, however, is not permitted. (Fahy v. Commission to Investigate Allegations of Police Corruption & City’s Anticorrwption Procedures, 65 Mise 2d 781.) All that need be demonstrated by the Attorney-General is that the records sought bear a reasonable relation to the subject under inquiry and they will not be quashed unless utterly irrelevant and the futility to uncover anything legitimate obvious. (Matter of La Belle Creole Int., S. A. v. Attorney-General of State of N. Y., 10 N Y 2d 192.)
Accordingly, the motion to quash is denied and the officers directed to appear and make available the requested books and records in New York City at the offices of the New York City Transit Authority pursuant to the subpoenas served on September 21, 1972 at such convenient time as shall be agreed upon between the parties.