OPINION OF THE COURT
Bentley Kassal, J.
issue
The issue presented is whether the Metropolitan Transit Authority (MTA) and the Long Island Railroad (LIRR), as a subsidiary of the MTA, are State "agencies” or "political subdivisions” of the State under CPLR 5519 (subd [a], par 1) thus entitling them to an automatic stay upon the service of a notice of appeal.
FACTS
Defendants filed a notice of appeal from a judgment in a negligence action in favor of the plaintiff in the amount of $1,750,000. Plaintiff’s attorney filed a demand for an undertaking and defendants now move to stay enforcement of the *684 judgment, claiming exemption from the undertaking required to stay execution of judgment because they qualify as a "state agency” or "political subdivision of the state” under CPLR 5519 (subd [a], par 1).
DECISION
I. Statute
The subsection of CPLR 5519 (subd [a]) upon which defendants rely states:
"Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
"1. [T]he appellant * * * is the state or any political subdivision of the state or any officer or agency of the state or any political subdivision of the state”. (Emphasis supplied.)
Thus, an automatic stay is granted solely upon the identity of the appellant as a governmental entity.
II. Status of the MTA and LIRR
Since under subdivision 5 of section 1266 of the Public Authorities Law, the MTA is authorized to delegate its conferred powers to subsidiary corporations which shall have "all the privileges, immunities, tax exemptions, and- other exemptions of the authority”, the issue is further narrowed. The LIRR became such a subsidiary corporation on January 20, 1966, when it was acquired by the MTA. (Quintero v Long Is. R. R., 55 Misc 2d 813.)
CPLR 5519 (subd [a], par 1) does not expressly define "state agency” or "political subdivision of the state” and therefore, the legislative history of CPLR 5519 (subd [a], par 1) must be examined. CPLR 5519 (subd [a], par 1) is derived from section 570 and 571 of the Civil Practice Act and was intended to encompass all the persons and bodies specifically enumerated in those sections. (1958 Preliminary Report of the Advisory Comm on Prac and Proc [2d], p 335.) Section 570 of the Civil Practice Act exempted the State, State agencies, State officers, and a board of State officers from posting security upon appeal. Section 571 of the Civil Practice Act exempted domestic municipal corporations from posting security.
The MTA was established by the Metropolitan Commuter Transportation Act (L 1965, ch 324; Public Authorities Law, *685 §§ 1260-1278). It is defined in section 1263 of the Public Authorities Law as "a body corporate and politic constituting a public benefit corporation.” Neither CPLR 5519 (subd [a], par 1) nor sections 570 and 571 of the Civil Practice Act state whether a public benefit corporation is entitled to the security exemption and, therefore, the status of the MTA as a "state agency” or "political subdivision of the state” must be determined from the expressed legislative purpose behind the creation of the MTA and an analysis of the authority’s conferred powers and functions.
(a) Legislative Purpose and Government Functions
The legislative declaration of purpose, which precedes the Metropolitan Commuter Transportation Act, describes the MTA as the "state’s instrument for the carrying out of programs designed to continue and improve commuter services.” (L 1965, ch 324, § 1, subd 6.)
Section 1264 of the Public Authorities Law (purposes of the authority) states:
"1. The purposes of the authority shall be the continuance, further development and improvement of commuter transportation * * * within the metropolitan commuter transportation district * * * It shall be the further purpose of the authority, consistent with its status as the ex officio board of both the New York city transit authority and the triborough bridge and tunnel authority, to develop and implement a unified mass transportation policy for such district.
"2. * * * the authority shall be regarded as performing an essential governmental function in carrying out its purposes and in exercising the powers granted by this title.” (Emphasis supplied.)
An examination of the Metropolitan Commuter Transportation Act, as a whole, supports the proposition that the MTA may be considered both a "state agency” and a "political subdivision of the state” for the purpose of applying CPLR 5519 (subd [a], par 1). Subdivision 13 of section 1261 of the Public Authorities Law in defining "state agency” for the purposes of the act, states " 'state agency’ shall mean any officer, department, board, commissioner, bureau, division, public benefit corporation, agency, or instrumentality of the state.” Since subdivision 1 of section 1263 of the Public Authorities Law states that the MTA is a public benefit corporation the conclusion follows that the MTA, by definition, should be considered a "state agency”.
*686 While plaintiff contends that subdivision 5 of section 1263 of the Public Authorities Law limits the defined status of the MTA as a "state agency” to proceedings which involve the officers of the authority under sections 73 and 74 of the Public Officers Law (conflict of interest and code of ethics provisions respectively) the purpose of subdivision 5 of section 1263 of the Public Authorities Law appears to be merely to emphasize the fact that officers of the authority are subject to the same duties and obligations as any other agency officer rather than to limit the characterization of the MTA’s status as a State agency. Certainly classifying the MTA as a "state agency” for the purpose of the present motion would not be inconsistent with either of these provisions.
There are various descriptions and definitions of a "political subdivision of the state” which appear to require "an ability to govern.” (Sarisohn v Dennison, 53 Misc 2d 1081.) Sections 1265 (general powers of the authority) and 1266 (special powers of the authority) of the Public Authorities Law grant the MTA the power to formulate and implement mass transportation policies within the metropolitan transportation district. The exercise of these powers by the MTA is characterized as an "essential governmental function” in subdivision 2 of section 1264 of the Public Authorities Law and thus would appear to satisfy this requirement.
In People v Witherspoon (52 Misc 2d 320) the court examined sections 1265 and 1266 of the Public Authorities Law to determine whether they sufficed to give the LIRE (a subsidiary corporation of the MTA) the status of a "political subdivision of the state” and held that sections 1265 and 1266 of the Public Authorities Law give the LIRE management functions, directly related to the operation of the railroad, and therefore they were held governmental in nature.
The MTA, as the parent corporation of the LIRE, has the ability to govern when exercising the powers granted under sections 1265 and 1266 of the Public Authorities Law for developing and implementing mass transportation policies. Hence under the definition of "political subdivision of the state”, in Sarisohn (supra), the MTA does qualify for the CPLR 5519 (subd [a], par 1) exemption as such a "political subdivision”.
The purpose of the CPLR 5519 (subd [a], par 1) exemption is to stabilize the effect of an adverse determination to a political subdivision of the State, pending an appeal, and a require *687 ment that large security bonds be posted by the MTA or any similar body might affect its manifest purpose in terms of mass transportation policy.
Matter of Ronan v Levitt (73 Misc 2d 35) cited by defendant to support the proposition that the MTA is not a "political subdivision” or "agency of the state” is distinguishable for two basic reasons: First, it held that an ofRcer of the New York City Transit Authority (NYCTA) is not entitled to the limited exemption provided under subdivision 3 of section 1212 of the Public Authorities Law, whereas in the instant case the MTA, itself, is claiming an exemption under CPLR 5519 (subd [a], par 1) not subdivision 3 of section 1212 of the Public Authorities Law; second, the MTA qualifies as a "political subdivision of the state” while the NYCTA does not, as evidenced by a comparison of their respective powers and purposes. The MTA is given the power to develop, implement, and co-ordinate a unified mass transportation policy for the metropolitan region, while the NYCTA is merely given the power to operate the existing New York City transit facilities.
III. Conclusion
Upon an examination of the Metropolitan Commuter Transportation Act and especially subdivision 13 of section 1261 and subdivision 1 of section 1264 of the Public Authorities Law, its legislative history, and the cases interpreting CPLR 5519 (subd [a], par 1) it is evident that the MTA qualifies as a "state agency” and "political subdivision of the state” under such section. Finally, all of the rationale for exempting the State, its other agencies, and subdivisions from this requirement of posting a bond on appeal applies equally to the two defendants involved herein.
Accordingly, the motion is granted.