OPINION OF THE COURT
Arthur B. Curran, J.
This motion was brought before a Special Term of this court for an order pursuant to CPLR 5104 citing the respondent, Webster Central School District Board of Education, for contempt of court for failure and refusal to comply with and carry out the provisions of a judgment duly granted to the petitioner, John H. Koch, on September 18, 1981.
The petitioner has been a custodian employed by the respondent. The district terminated his employment after conducting a hearing held under section 75 of the Civil Service Law. The petitioner brought this article 78 proceeding to review the penalty of dismissal. Via judgment entered September 18, 1981, Justice Robert E. White, of the New York State Supreme Court, reversed petitioner’s dismissal from employment and substituted a lesser penalty. Justice White further directed that the petitioner be reinstated in his custodian’s position. The judgment was to take effect 10 days after entry and service on the district. To date, the district has not reinstated the petitioner. However, the respondent filed a notice of appeal on Sep *11 tember 25, 1981, and now seeks a stay of enforcement of the judgment in accordance with CPLR 5519 (subd [a], par 1).
The issue raised by this motion is whether a public central school district is entitled to the automatic stay provisions of CPLR 5519 (subd [a], par 1).
CPLR 5519 provides for a stay of all proceedings to enforce a judgment or order appealed from, pending the appeal or determination, without a court order, where: “1. the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state”.
In the case of the ordinary private appellant, a stay, pending an appeal, may not be obtained without posting a bond or other appropriate conditions. The apparent rationale in such case is that assets may be dissipated to the detriment of the judgment creditor, pending the appeal. If successful on appeal, the respondent may nonetheless lose his remedy as a practical matter. This rational does not apply to the State and other governmental units, which are unlikely to go out of business pending an appeal, and which — through the taxing power — can meet the needs of any judgment.
A public school district is engaged in carrying out an important governmental function under section 1 of article XI of the New York State Constitution. Section 1 of article XI of the §tate Constitution provides: “The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated.”
In the case of Board of Educ. v Stoddard (49 NYS2d 38, 40), the court stated:
“The maintenance of common schools is a political function and is, primarily, the concern of the State * * *
“The legislature in performing this function forms school districts which are political divisions and agencies of the State for the purpose of more effectively carrying out its local educational programme. These school districts are municipal corporations.”
*12 In Matter of Board of Educ. v Board of Coop. Educational Servs., Third Supervisory Dist., Suffolk County (41 Misc 2d 699) the court dealt with the question of the standing of a school district in a lawsuit against the Board of Cooperative Educational Services and such board’s authority to purchase real property. In dealing with the standing of the parties in the lawsuit the court concluded (p 702): “It has been stated that ‘Education has long been regarded as serving a public and governmental purpose’ (Grimm v. County of Rensselaer, 4 N Y 2d 416, 421) and that ‘Counties, towns and school districts are all “municipal corporations” or governmental subdivisions of the state.’ ”
The concept of a school district being a political subdivision and municipal corporation of the State is illustrated in many statutes passed by the Legislature. The following are examples:
Section 209-O of the General Municipal Law — “Natural disaster assistance”:
“1. As used in this section, the following terms shall mean:
“a. ‘Political subdivision’. A county, city, town, village, school district, or other public corporation.” (Emphasis added.)
Article 4-A (§ 60, subd 2, par b) of the General Municipal Law — “Public Disaster Emergency Powers”: “ ‘Political subdivision’. A county, city, town, village, school district or other district, district corporation or public benefit corporation.” (Emphasis added.)
Section 682 of article 16 of the General Municipal Law — “Grievance Procedure For Municipal Employees”:
“Definitions”:
“As used herein, the following terms shall have the following meanings:
“1. ‘Government’ or ‘employer’ shall mean any * * * town, village, school district or other political subdivision in the state”. (Emphasis added.)
Article 5-A (§ 100, subd 1) of the General Municipal Law — “Public Contracts”: “As used in this article: ‘political subdivision’ means a municipal corporation, school district, *13 district corporation and board of cooperative educational services.” (Emphasis added.)
Subdivision 1 of section 109-b of the General Municipal Law: “As used in this section, ‘political subdivision’ means a municipal corporation, school district, district corporation”. (Emphasis added.)
Subdivision e of section 10 of the Executive Law (repealed by L 1978, ch 640): “As used in paragraph (d) * * * ‘political subdivision’ shall mean a county, city, town, village, school district, improvement district or district corporation.” (Emphasis added.)
Section 3 of the New1 York State Defense Emergency Act (L 1951, ch 784, as amd by L 1961, ch 972, § 2) and section 1 of chapter 823 of the Laws of 1939 define political subdivision as being a county, town, city, village, school district, or other district corporation or benefit corporation. (Emphasis added.) Section 1 of chapter 823 of the Laws of 1939 further states that a political subdivision shall mean any agency or unit of the State which is or hereafter shall be authorized or empowered to cause taxes to be levied.
Subdivision 1 of section 131 of the Retirement and Social Security Law defining political subdivision says a political subdivision is a public corporation created by the State of New York and includes school districts created by the State of New York and other subdivisions of the State. (Emphasis added.)
The problem is that although the above-stated references define a school district as being a political subdivision, CPLR 5519 (subd [a], par 1) does not expressly define a State agency or a political subdivision. Thus, the court turns to the legislative history of CPLR 5519 in order to ascertain whether or not a school district, for purposes under CPLR 5519, is to be considered a political subdivision.
The case of Grant v Metropolitan Transp. Auth. (96 Misc 2d 683) held that CPLR 5519 is derived from sections 570 and 571 of the Civil Practice Act. The said sections of the Civil Practice Act state that the Civil Practice Act was intended to encompass all of the persons and bodies specifically enumerated in those sections. Section 571 of the Civil *14 Practice Act enumerated, among others, “domestic municipal corporation,” as one of the governmental bodies entitled to an automatic stay of enforcement of a judgment upon the filing of a notice of appeal. At the time of the Civil Practice Act, section 3 of the General Corporation Law was in effect. This section defined a school district as a municipal corporation. The General Corporation Law has since been replaced by section 66 of the General Construction Law, which in subdivision 2, defines the municipal corporation as a county, city, town, village and school district. (Emphasis added.) Therefore, a school district would definitely come under section 571 of the Civil Practice Act, which the revisers say was intended to be included in CPLR 5519 without change.
A review of sections 570 and 571 of the Civil Practice Act shows that the Civil Practice Act intended to grant an automatic stay, upon the filing of a notice of appeal, to agencies of the State and to municipal corporations. (Note that the Second Preliminary Report of the Advisory Committee on Practice and Procedure [Preliminary Note, p 331] states that CPLR 5519 was designed to consolidate all of the provisions of the Civil Practice Act relating to stays of execution pending appeals or determinations on applications for permission to appeal.) In the case of Matter of Hirshfield v Cook (227 NY 297, 301) the Court of Appeals ruled that: “Boards of education are branches of the state government charged by the state with the administration of its educational system.”
The case of Herman v Board of Educ. (234 NY 196) dealt with the legal status of a school district. In that case, the court held that a board of education is a governmental agency of the State. The board of education is the agency to which the State delegates the power and duty of controlling the schools in the school district. The Herman case further says that the exercise of the power and duty of controlling the schools places a school district in the same position as that of any other agent of the State similarly situated. Thus, it is apparent from the language of section 3 of the former General Corporation Law and the findings of the Court of Appeals in the Hirshfield and Herman cases, that school districts are municipal corporations and *15 agencies of the State, i.e., political subdivisions, within the provisions of sections 570 and 571 of the Civil Practice Act.
Whether we examine the case law or the statutory provisions and their legislative history, there can be no doubt that the school districts were specifically covered by the Civil Practice Act, and as was stated in the Grant case, that definition was continued in the coverage of CPLR 5519. Thus, it is the court’s decision that the rationale of CPLR 5519 (subd [a], par 1) applies fully to school districts and that, for CPLR 5519 purposes, school districts are to be considered “political subdivisions”. Therefore, the court rules that enforcement of the judgment in this proceeding has been stayed by the respondent’s service of the notice of appeal on the petitioner, and petitioner’s motion for contempt of the respondent is hereby denied.