■ In the Matter of SUFFOLK OUTDOOR ADVERTISING CO., INC., Appellant, v TOWN OF SOUTHAMPTON et al., Respondents. In the Matter of COLLUM SIGNS, INC., Appellant, v MARTIN LANG, as Supervisor of Town of Southampton, et al., Respondents. — In proceedings pursuant to CPLR article 78 to review two determinations of the Town Board of the Town of Southampton denying petitioners' applications for extensions of the amortization periods applicable to their billboards, the appeals are from two judgments (one in each proceeding) of the Supreme Court, Suffolk County (Bracken, J.), both entered April 17, 1981, which, *inter alia,* dismissed the petitions on the merits and directed petitioners to remove all of their billboards located in the Town of Southampton on or before September 30, 1981. Judgments affirmed, without costs or disbursements. Petitioners' time to comply with the judgments is extended until 120 days after service upon them of a copy of the order to be made hereon, with notice of entry. The stay granted by the court on October 1, 1981 is vacated. Contrary to petitioners' position, the decision of the Court of Appeals in *Suffolk Outdoor Adv. Co. v Hulse* (43 NY2d 483, app dsmd 439 US 808) is determinative of the facial constitutionality of section 3-110-70.03 of the Town of Southampton Building Zone Ordinance Number 26. In this regard, *Metromedia, Inc., v San Diego* (453 US 490), which was decided subsequent to *Suffolk Outdoor Adv. Co. v Hulse* (43 NY2d 483, *supra*), does not require reconsideration, for that case neither clearly reflects a major change in constitutional doctrine nor would be dispositive of this matter (see *Matter of Gowan v Tully,* 45 NY2d 32, 36-37). We also cannot conclude that the town board acted arbitrarily and capriciously in denying petitioner's applications for extensions of the amortization period. While section 3-110-70.03 of building zone ordinance number 26 provided for a three-year amortization period with respect to nonconforming off-site commercial billboards, the amortization period effectively realized by petitioners at the time of the town board's determinations herein was approximately seven years. Given that petitioners fully recouped their invéstments, substantially depreciated their billboards for income tax purposes, had relatively insubstantial lease and license obligations and, thus, would not incur any substantial financial loss, the amortization period was reasonable as applied to their billboards (see *Modjeska Sign Studios v Berle,* 43 NY2d 468, app dsmd 439 US 809; *Suffolk Outdoor Adv. Co. v Hulse, supra*). In addition, on this record, we cannot substitute our judgment for that of the town board that the benefit inuring to the public from the removal of petitioners' billboards outweighs any adverse effect upon petitioners obtaining from loss of future business. It has been determined in *Modjeska Sign Studios v Berle (supra)* and *Suffold Outdoor Adv. Co. v Hulse (supra)* that the Town of Southampton is not required to compensate petitioners for the removal of their billboards. That the Federal Highway Beautification Act of 1965 (US Code, tit 23, § 131) and, in particular, subdivisions (g) and (k) of section 131, as amended by subdivisions (a) and (b) of section 122 of Public Law 95-599, and section 88 of the Highway Law, as this State's implementing legislation of said act, now provide a contrary requirement, as petitioners contend, is not apparent. The requirement of compensation is not an absolute one. Rather, the thrust of section 131 of title 23 of the United States Code is insuring compliance therewith through a reduction in Federal aid highway funds to a State in the event of noncompliance. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.