OPINION OF THE COURT
Eli Wager, J.
Upon the foregoing papers these motions by defendants seeking stays of all discovery in this action pending the appeal of the previous order of this court are determined as follows. The motion by the defendants Industrial Development *775 Agency (IDA) and Trias seeking a stay of the discovery is granted. At a conference, plaintiff indicated that it is minimally concerned about discovery with these defendants as they have already obtained a majority of the requested materials through freedom of information requests.
Since there appears to be no reported case involving the applicability of CPLR 5519 (a) (1) to industrial development agencies organized pursuant to General Municipal Law § 850 et seq., the issue presented is one of first impression and merits discussion and determination.
Industrial development agencies are "declared to be governmental agencies and instrumentalities” (General Municipal Law § 852). Each agency "shall be a corporate governmental agency, constituting a public benefit corporation” (General Municipal Law § 856 [2]).
In Grant v Metropolitan Transp. Auth. (96 Misc 2d 683, 685), the Supreme Court, New York County, Kassal, J., determined that "[s]ince subdivision 1 of section 1263 of the Public Authorities Law states that the MTA is a public benefit corporation the conclusion follows that the MTA, by definition, should be considered a 'state agency’ ”.
At bar, given the like classification of the defendant Town of Hempstead IDA in the General Municipal Law, the defendant IDA is a State agency within the meaning and contemplation of the law.
Matter of Ronan v Levitt (73 Misc 2d 35, affd 42 AD2d 10, lv denied 33 NY2d 514) is not to the contrary, but is distinguishable (see, Grant v Metropolitan Transp. Auth., supra, at 687).
In Matter of Ronan v Levitt (supra), the special proceeding was one in which individual officers sought to quash subpoenaes served upon them in an audit of their Authority conducted by the State Comptroller where the Authority was not a party to an action or proceeding. Special Term, Albany County, held that individual officers of an Authority were not entitled to the automatic stay of proceedings on appeal in such a case.
This result does not pertain to the motion by the Roosevelt defendants. The court finds no reason to stay the discovery against these private defendants and that aspect of the motion is denied. Substantial amounts of discovery must be conducted *776 in this action and this court, in its decision now on appeal, has stated that this action should go forward. Under these circumstances, this court will not stay its own order as to the Roosevelt defendants and the parties are directed to proceed with discovery.