The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72701
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 May a city of the first class enforce its sign ordinance and/or its zoning ordinances against the following types of properties:
a) county owned property;
b) a county owned hospital;
 c) a county owned hospital operated by a nonprofit corporation leasing land and facilities from the county;
 d) a clinic operated by a nonprofit corporation under an agreement with a county owned hospital operated by a nonprofit corporation leasing land and facilities from the county.
It is my opinion that no definitive answer can be given to this question because the answer will depend upon the facts surrounding a particular exercise of zoning authority. In other words, it is my opinion that the Arkansas Supreme Court would address the question on a case-by-case basis, considering all of the relevant facts concerning a particular regulation.
An issue related to your question was addressed in Opinion No.91-120, a copy of which is enclosed. At issue in that opinion was whether a city could enforce its zoning ordinances against the property of a school district. After noting that no Arkansas statutes appear to address the question, the opinion outlines the various approaches to the question taken by jurisdictions around the country. These approaches were summed up in IndependentSchool District No. 89 of Oklahoma County v. The City of OklahomaCity, 722 P.2d 1212 (Okla. 1986), as follows:
 In determining the question whether a political subdivision is immune from municipal zoning regulations, the courts have relied on various tests to resolve the issue absent a specific statutory exemption. These include the governmental proprietary, superior sovereign, eminent domain and balancing of interests tests.
722 P.2d at 1214.
The Oklahoma court went on to overrule prior precedent and adopt the "balancing of interests test" which looks to several factors, including: 1) the nature and scope of the instrumentality seeking immunity, 2) the kind of function of land use involved, 3) the extent of the public interest to be served thereby, 4) the effect local land use regulation would have upon the enterprise concerned and 5) the impact upon legitimate local interests. These factors, and any other relevant factors, are used under this test in determining whether a particular zoning regulation is applicable to public property. See also 101A C.J.S.Zoning Land Planning § 108.
It was concluded in Opinion No. 91-120, although no Arkansas case squarely addresses the issue, that in light of language found inLavender v. City of Rogers, 232 Ark. 673, 339 S.W.2d 598
(1960), the Arkansas Supreme Court would, in all likelihood, similarly adopt the "balancing of interests test." In Lavender,
the Arkansas Supreme Court refused to lay down a hard and fast rule that a municipality cannot regulate in any manner any phase, aspect, or feature relating to the construction of a public building, in that case a public school building. In my opinion, the court has thus demonstrated a willingness to approach such cases on a case-by-case basis, considering all of the relevant factors. See Opinion No. 91-120.
It has been stated additionally, with regard to your questions concerning leased property, that:
 Where a government or governmental agency, which is immune from zoning regulations, leases property to a private person, the lessee or sublessee may be entitled to assert the immunity of the governmental entity, but where the use he seeks to make of the property is unrelated to the governmental purposes of the lessor, then the lessee is subject to the zoning laws.
101A C.J.S. Zoning Land Planning, § 108. See also, Peoplev. Witherspoon, 52 Misc.2d 320, 275 N.Y.S.2d 592 (1966).
Thus, if the lessee is utilizing the property for a governmental purpose, it is possible that it, as well, would be entitled to immunity from municipal zoning regulations, depending upon the application of the "balancing of interests test" as set out above. The resolution of any question in this regard will still depend upon the facts surrounding a particular exercise of the zoning power.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure