OPINION OF THE COURT
Robert W. Doyle, J.
Subsequent to the filing of a note of issue in this case, counsel for defendant Dr. John G. Apisson served a subpoena upon one of the plaintiff’s treating physicians for testimony at trial. It is this defendant’s intention, as well as the intention of defendants Mendelsohn, Roth, Sauter and Greenwood, to privately interview plaintiff’s treating physicians in anticipation of presenting them for testimony at trial.
Plaintiff objects on the grounds such interviews are precluded under the holding in Anker v Brodnitz (98 Misc 2d 148, affd 73 AD2d 589, lv dismissed 51 NY2d 743). The court disagrees with the plaintiff. In Anker, the court considered only the question of the scope and procedure in pretrial discovery under CPLR article 31 and the rules of the court for the exchange of medical information, and concluded that *75 private interviews were not expressly authorized under either procedure (citing Cwick v City of Rochester, 54 AD2d 1078; see also, Stoller v Moo Young Jun, 118 AD2d 637).
In contradistinction to Anker (supra), the case herein has progressed well beyond the pretrial discovery stage (cf., Donatello v Falk, Sup Ct, NY County, May 4, 1979, index No. 11181/76, Myers, J., affd 78 AD2d 1016). Thus the justification for adherence to a rule evolving out of analysis of pretrial discovery procedure is no longer present (see, Bard, New York Medical Malpractice, at 24-8).
Inasmuch as it cannot be contested that plaintiff has implicitly waived the physician-patient privilege by placing the patient’s physical condition in issue (Prink v Rockefeller Center, 48 NY2d 309; Koump v Smith, 25 NY2d 287), defendants shall be permitted to present the treating physicians for testimony at trial and to interview them prior thereto.
A request has been made on behalf of defendant Apisson for a continuance to afford him the opportunity to examine one Dr. Raniolo who the court is advised has been hospitalized for serious surgery. Defendant has satisfactorily articulated the necessity for Dr. Raniolo’s testimony as it relates to Dr. Apisson’s liability as well as plaintiff’s physical condition at the time of Dr. Apisson’s treatment of the plaintiff. In light of the same and the fact that no substantial prejudice to plaintiff will result therefrom, defendant’s request for a continuance is granted (Englert v Hart, 112 AD2d 3) to the extent as follows:
The attorneys for Dr. Apisson shall be required to report to the court on February 8, 1988 whether, and how soon, Dr. Raniolo will be presented for testimony at trial. If the answer to the first question is in the negative, trial of this action will commence immediately upon the conclusion of any trial then in progress. In the event the attorney reports his intention to utilize Dr. Raniolo’s testimony at trial, the matter will be further adjourned until Dr. Raniolo is physically able to come to court but such adjournment shall extend to no later than March 14, 1988.
Dr. Apisson has additionally requested, in the event he is not permitted to examine Dr. Raniolo and plaintiff does not call Dr. Raniolo to testify on plaintiff’s behalf, that plaintiff be subject to a missing witness charge. Such application is denied as moot in light of the determination permitting the applicant to examine the physician as a defense witness.