In the Matter of WILLIAM J. RONAN, as Chairman of the New York City Transit Authority, et al., Appellants, *v.* ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.

Third Department, June 11, 1973.

*John G. De Roos* (*Cravath, Swaine & Moore, Norman Jay Itzkoff* and *John R. Hupper* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Grace K. Banoff* and *Ruth Kessler Toch* of counsel), for respondent.

KANE, J. This is an appeal from an order of the Supreme Court at Special Term, entered March 1, 1973 in Albany County, which denied a motion by petitioners to quash subpoenas duces tecum and granted a cross motion for an order directing petitioners to appear pursuant to the subpoenas duces tecum.

On September 21, 1972, respondent Comptroller caused subpoenas duces tecum to be served upon the Chairman and Chief Executive Officer of the New York City Transit Authority, incident to an audit being conducted by the Comptroller pursuant to section 2503 of the Public Authorities Law.[1] A motion to quash or modify the subpoenas was made returnable in Supreme Court, New York County and was followed by respondent's application for change of venue to Supreme Court, Albany County. The venue change was allowed (affd. 41 A D 2d 906) and a cross motion to compel compliance, made by respondent, was granted; a determination which forms the basis of this appeal.

An appeal from the order changing venue was taken by petitioners which they contend caused an automatic stay (Public Authorities Law, § 1212-a, subd. 3; CPLR 5519, subd. [a], par. 1), precluding a decision on the merits by Supreme Court, Albany

---

1. "§ 2503. Examination of the books and accounts of public authorities by the state comptroller. Notwithstanding any other provision of this chapter, the state comptroller shall, from time to time but not less than once in every five years, examine the books and accounts of every authority or commission heretofore or hereafter continued or created by this chapter, including its receipts, disbursements, contracts, leases, sinking funds, investments and any other matters relating to its financial standing. In lieu of such an examination, the state comptroller is hereby authorized to accept from every such authority or commission an external examination of its books and accounts made at the request of such authority or commission." (Added by L. 1958, ch. 327, eff. March 24, 1958.)

County. While section 1212-a of the Public Authorities Law applies to officers of an authority when they are sued in their representative capacity, as well as an authority itself, the failure to recognize the stay did not divest Special Term of jurisdiction. All further proceedings subsequent to the decision were stayed, maintaining the *status quo*, and it would be pointless to remand the matter to the same court for a relitigation of the identical issues.

Section 2503 does not merely authorize but commands the Comptroller to examine, at least once every five years, the books and accounts of every public authority including its receipts, disbursements, contracts, leases, sinking funds, investments and any other matters relating to its financial standing. The courts of this State have been extremely liberal in construing legislation designed to provide a system of financial checks and balances, particularly in the area of governmental agencies and public authorities (*Matter of Edge Ho Holding Corp.*, 256 N. Y. 374; *Matter of New York World's Fair 1964–1965 Corp.* v. *Beame*, 22 A D 2d 611, affd. without opn. 16 N Y 2d 570). A report of the Temporary State Commission on Coordination of State Activities entitled "Staff Report on Public Authorities Under New York State" (N. Y. Legis. Doc., 1956, No. 46, pp. 495–500) lends strong support to the Comptroller's argument that his function under section 2503 consists of more than a mere verification of financial accounts and balance sheets. The fact that section 2503 authorizes the Comptroller to accept an outside audit in lieu of his own examination in no way delimits the nature of the examination when performed by him. The Comptroller's approach in this matter is also consistent with the scope of governmental audits in general (Comptroller General of the United States, Standards for Audit of Governmental Organizations, Programs, Activities and Functions [1972]).

The order should be affirmed, without costs.

STALEY, JR., J. P., GREENBLOTT, COOKE and REYNOLDS, JJ., concur.

Order affirmed, without costs.