■ RUTH CWICK, Individually and as Administratrix of the Estate of EDWARD W. CWICK, Deceased, Appellant, v CITY OF ROCHESTER et al., Defendants, and GREAT LAKES DREDGE & DOCK COMPANY et al., Respondents. —Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: In this wrongful death action Special Term properly directed plaintiff to furnish defendants copies of the records of Strong Memorial Hospital, excepting certain irrelevant portions. It incorrectly ordered, however, that defendants be permitted to "interview" a medical expert with respect to his opinion letter of September 6, 1973. No authority to "interview" a medical witness exists under the rules of this department (22 NYCRR 1024.25) or under CPLR article 31. Defendants' counsel stipulated upon oral argument that it now has the

doctor's opinion letter and there are ample disclosure devices in CPLR article 31 for defendants to obtain whatever information that is properly obtainable in connection with it that they seek. We note with disapproval the contrivance used in this case where the discovery motion was brought in Erie County, located in the Eighth Judicial District, when the pending action was in Monroe County, a nonadjoining county, in the Seventh Judicial District. The order made upon plaintiff's motion sought in an improper county (Erie) is not void as lacking in subject-matter jurisdiction because the Supreme Court is a court possessing State-wide jurisdiction and thus is technically competent to entertain a motion no matter where the underlying action is pending. Initiating such a motion, however, is "irregular" for failure to follow the mandate of the CPLR which states that motions shall be noticed to be heard in the judicial district where the action is triable or in an adjoining county (CPLR 2212, subd [a]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY Book 7B, CPLR 2212, pp 47-48; 2 Carmody-Wait 2d, NY Prac § 8:21). However, no timely objection was made to this "irregular" procedure. Further, counsel for the respective parties affirmatively consented to it and thereby waived any objection which any of them might have had. Under these circumstances there is no ground to reverse the action taken at Special Term. Nonetheless the better practice for Special Term in this case, and the exclusive practice governing it in change of venue cases *(Markey v Brooks Mem. Hosp.,* 46 AD2d 1010; *Newell v Huston,* 35 AD2d 908; *Upstate Tel-Hotel Corp. v Prospect House Corp.,* 12 AD2d 876) would have been to deny the motion and relegate the parties to making the motion in Monroe County where the trial of the action was pending. Our disapproval of the practice followed in this case rests on the fact that counsel ignored the statutory rule (CPLR 2212, subd [a]) and contrived an "irregular" procedure merely for their own convenience with the co-operation of the Special Term Justice. To countenance the bringing of motions in counties far removed from the county where the pending action lies will eventually lead to the disorderly administration of justice among courts of coequal jurisdiction. (Appeal from order of Special Term—privileged communication—doctor.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Goldman, JJ.