■ Allstate Insurance Company, Appellant, v J. D. Whiting, Inc., Respondent.—Order unanimously reversed, with costs, and motion denied, without prejudice to renewal of motion in proper county. Memorandum: Plaintiff appeals from an order signed on January 15, 1979 which granted defendant's motion for a change of venue. The summons and verified complaint designating Westchester County as the place of trial were served on November 27, 1978 and the answer dated December 8, 1978 was received by plaintiff on or about December 11, 1978. By a demand for a change of venue, dated December 11, 1978, received by plaintiff on December 13 or 14, 1978, defendant alleged that Westchester County was an improper county. Plaintiff served a reply affirmation dated December 15, 1978 asserting that Westchester County was the proper county. On December 20, 1978, defendant moved in Monroe County for an order changing the venue to Monroe County on the grounds that Westchester County was an improper county

and Monroe County was the proper one and that venue should be changed for the convenience of the parties and witnesses. Plaintiff's attorneys opposed the motion and objected to the motion being brought in Monroe County. Special Term, however, granted the order on the ground that Monroe County and not Westchester County was the proper county. This was error. The general rule is that a motion must be heard in the judicial district where the action is triable or in a county adjoining the county where the action is triable (CPLR 2212, subd [a]). CPLR 511 (subd [b]) provides for an exception to the rule in the case of a motion for a change of venue upon the ground of improper county where a demand to change the place of trial has been served. In such a case the defendant may notice the motion in the county which he has specified in his demand *"unless plaintiff within five days after service of the demand serves an affidavit* showing either that the county specified by the defendant is not proper or that the county designated by [plaintiff] is proper" (emphasis added). Here there is no dispute that plaintiff within five days after service of defendant's demand to change the place of trial to Monroe County served the required affidavit stating that Westchester County was the proper county. Thus, defendant was not permitted under the statute to notice its motion in Monroe County. The order is reversed, without prejudice to renewal in a proper county (CPLR 2212). The specific objection voiced by plaintiff to the court's entertaining the motion in Monroe County distinguishes this case from *Cwick v City of Rochester* (54 AD2d 1078). In *Cwick* there was no objection and the parties consented to the motion being heard in an improper county. (Appeal from order of Monroe Supreme Court—change venue.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.