**Judith E. BROWN, Plaintiff,**

v.

**MANUFACTURERS HANOVER TRUST COMPANY, Defendant.**

**No. 82 Civ. 8051 (GLG).**

United States District Court, S.D. New York.

Nov. 16, 1984.

Judith E. Brown, pro se.

Simpson, Thacher & Bartlett, New York City, for defendant; Richard A. Ross, J. Scott Dyer, New York City, of counsel.

## OPINION

GOETTEL, District Judge:

The plaintiff brought this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1982) ("Title VII"), alleging that she was discharged in retaliation for opposing an unlawful discriminatory practice. The defendant now moves pursuant to Fed.R. Civ.P. 56 for summary judgment on the grounds that the doctrine of *res judicata* bars the litigation. For the reasons stated below, we grant the defendant's motion.

*Background*

The defendant, a bank, employed the plaintiff as an Administrative Assistant from April 17, 1981, until October 19, 1981, when it terminated her employment. Two days later, the plaintiff filed an administrative complaint with the New York State Division of Human Rights ("NYDHR"). She alleged, *inter alia,* that her employment was terminated in violation of the New York State Human Rights Law, N.Y. Exec.Law § 290 *et seq.* (McKinney 1982), and Title VII.

Between December 1981 and February 1983, the NYDHR investigated the plaintiff's complaint. On December 14, 1982, a conference was held before Kathleen Dennin, an investigator for the Department of Human Rights. Representatives of the de-

**550**

fendant attended the conference; the plaintiff did not. Ms. Dennin prepared a report dated December 22, 1982, summarizing the evidence adduced at the conference. On January 24, 1983, after reviewing the Department's files, the plaintiff submitted a thorough reply to the conference report. During the next three weeks, she thrice supplemented her reply.

On March 3, 1983, the NYDHR issued a formal Determination After Investigation, which concluded that there was no probable cause to believe that the defendant had engaged in the alleged discriminatory practices. The NYHRD Appeal Board upheld this determination as "not arbitrary, capricious or an abuse of discretion." The plaintiff appealed to the Supreme Court of the State of New York, Appellate Division, First Department. On September 20, 1984, it unanimously confirmed the Appeal Board's order. She has sought review of that order by the New York Court of Appeals.

In the summer of 1982, the plaintiff requested and received a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission. She brought the instant action against the defendant on December 3, 1982. By order dated February 9, 1983, we dismissed with leave to replead all of the claims in the complaint except the Title VII claim. The plaintiff did not replead the dismissed claims. (The plaintiff also instituted several other state actions purportedly arising, directly or indirectly, from her employment discharge by the bank.)

*Discussion*

■ The defendant moves for summary judgment pursuant to Fed.R.Civ.P. 56. The defendant argues that the plaintiff, having sought judicial review of her allegedly discriminatory treatment in state court, is now barred by the doctrine of *res judicata* from relitigating her claims in this federal Title VII action. We agree and, therefore, grant the defendant's motion for summary judgment.

The controlling case is *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), a case remarkably similar to the instant action. In that case, the plaintiff filed a discrimination complaint with the NYHRD, which determined that there was no probable cause to believe the alleged discrimination had occurred. The NYHRD Appeal Board upheld this finding as "not arbitrary, capricious or an abuse of discretion; and the Appellate Division of the New York Supreme Court affirmed. The plaintiff did not seek review by the New York Court of Appeals, but instead brought a Title VII action in federal court. Again, she claimed discrimination on the basis of religion and national origin. Both the district court and the Second Circuit denied the defendant's motion to dismiss the Title VII claim on *res judicata* grounds. The Supreme Court reversed and held that the district court should have afforded *res judicata* effect to the state court's prior determination of discrimination claims since, under New York law, the plaintiff would have been barred from relitigating the same claims in a New York court. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). *Kremer* instructs us to dismiss this nearly identical case on *res judicata* grounds.

The plaintiff argues, however, that her Title VII action raises issues different from those raised in state court. The record belies her assertion. In her amended NYDHR complaint, the plaintiff charged the defendant with terminating her because of her sex and in retaliation for her opposition to an unlawful discriminatory practice. The plaintiff's federal complaint simply reiterates her retaliatory discharge allegation. (The other allegations in her complaint have either been dismissed or construed as in support of her Title VII claim.)

Since the elements of her New York and federal employment discrimination claims are virtually identical, the plaintiff may only relitigate her discrimination claim in

federal court if she can establish that she was not provided a "full and fair opportunity" to litigate her discrimination claim in the state proceedings and was thereby denied due process. *Id.* at 480–81, 102 S.Ct. at 1896–97. The plaintiff challenges the fairness of the state proceedings, arguing, *inter alia,* that the Determination After Investigation was decided on an incomplete record and that she was not provided full access to the agency's files. Despite the plaintiff's contentions, the record reveals that she was afforded all of the protections provided by the New York Executive law. Indeed, unlike *Kremer,* she provided the NYHRD with substantial materials rebutting the defendant's evidence. The Supreme Court has had "no hesitation in concluding that [the New York law's] panoply of procedure, complemented by administrative as well as judicial review, is sufficient under the Due Process Clause." *Id.* at 484, 102 S.Ct. at 1899. We therefore reject the plaintiff's due process challenge.

■ That the plaintiff is attempting to appeal the Appellate Division's order to the New York Court of Appeals, does not affect the outcome of this motion. In New York, the pendency of an appeal does not alter the *res judicata* effect of the challenged judgment. *Rodriguez v. Beame,* 423 F.Supp. 906, 908 (S.D.N.Y.1976); *Parkhurst v. Berdell,* 110 N.Y. 386, 392, 18 N.E. 123 (1888); *Sullivan v. George Ringler & Co.,* 69 A.D. 388, 74 N.Y.S. 978 (2d Dep't 1902). Therefore, the pendency of the plaintiff's appeal does not alter our conclusion that the doctrine of *res judicata* precludes the plaintiff from relitigating her discrimination claims here.

*Conclusion*

The defendant's motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment in favor of the defendant dismissing the complaint, with prejudice and without costs.

SO ORDERED.