■ VACANT LOTS, INC., Appellant, v TOWN BOARD OF THE TOWN OF LIBERTY et al., Respondents.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court at Special Term (Conway, J.), entered November 27, 1984 in Sullivan County, which granted the motion of defendants Town Board of the Town of Liberty and its Town Clerk to change venue from Kings County to Sullivan County, (2) from that part of an order of said court (Torraca, J.), entered March 29, 1985 in Sullivan County, which partially granted said defendants' motion for a preclusion order, and (3) from an order of said court (Doran, J.), entered May 17, 1985 in Sullivan County, which, *inter alia,* granted said defendants' motion directing plaintiff to amplify its bill of particulars.

The issue determinative of this appeal is whether it was proper for the Supreme Court sitting in Sullivan County to hear a motion to change venue. On or about September 10, 1984, plaintiff commenced this action in Kings County for injunctive and declaratory relief and damages. The lawsuit challenges a resolution by defendant Town Board of the Town of Liberty compelling plaintiff to either remove a dilapidated structure from its land or be assessed the cost of its removal. Plaintiff maintains it has no ownership interest in the property in that defendant Pappy Nathan Weiss had purchased it several years prior to passage of the resolution. For this reason, plaintiff in its suit sought a judgment declaring the resolution ineffectual, designating Weiss as the record owner of the property, restraining the Board from proceeding against it with respect to the property, and awarding compensatory and punitive damages.

On September 25, 1984, defendants Board and Janet Le Roy, the Town Clerk (hereinafter collectively referred to as defendants), answered by mail and demanded a change of venue to Sullivan County. On October 3, 1984, plaintiff sent an affidavit asserting that venue properly belonged in Kings County; defendants received that affidavit two days later. Despite plaintiff's protestations, the venue motion was heard in Sullivan County and granted. While plaintiff's appeal from that order was pending, defendants moved in Sullivan County for a preclusion order based on plaintiff's failure to furnish a bill of particulars. Plaintiff's cross motion for, *inter alia,* a protective order vacating defendants' demand for a bill of particulars pending appellate resolution of the venue question was denied and plaintiff was directed to serve its bill within 20 days. Although plaintiff has appealed that order, it has complied with it. Thereafter, Special Term at Sullivan County

granted defendants' motion to have plaintiff amplify its bill of particulars. That determination has also been appealed. Pursuant to this court's order, the three appeals were heard together.

A motion to change venue must be made in the county plaintiff designated* if, within five days after service of defendants' demand for change of venue, plaintiff serves an affidavit showing either that the county specified by defendants is improper or that the county designated by plaintiff is proper (CPLR 511 [b]; *see, Hughes v Nigro,* 108 AD2d 722, 723; *Williams v Albany Med. Center Hosp.,* 86 AD2d 915). Service of defendants' demand by mail affords plaintiff five additional days in which to serve an affidavit of proper county (CPLR 2103 [b] [2]; *Hughes v Nigro, supra).* Here, plaintiff's affidavit was timely served on October 3, 1984, within 10 days of defendants' service of the demand for change of venue on September 25, 1984. That affidavit asserted that venue was properly laid in Kings County because that county is plaintiff's principal place of business and the action being pursued is transitory for it is predicated on allegations of abuse of governmental power, conspiracy, collusion and deprivation of plaintiff's constitutional rights. The affidavit sufficed to require the venue motion be made in Kings County *(see, Meyers v New York State Div. of Hous. & Community Renewal,* 32 AD2d 818). Supreme Court in Sullivan County was accordingly an improper forum to hear and determine the venue issue and, since it was neither the county where the action was then triable nor an adjoining county, the court abused its discretion when, over plaintiff's protests, it heard the later motions relating to defendants' bill of particulars demand (CPLR 2212; *Newell v Huston,* 35 AD2d 908; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2212:7, p 47).

Orders reversed, on the law, with costs, and motions denied without prejudice to renewal in a proper county. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

---

* Subject to the usual rules with respect to motions in adjoining counties *(see,* CPLR 2212 [a]).