■ NASHAAT N. ANTONIOUS et al., Appellants, v DAWUD MU-HAMMAD et al., Respondents. [673 NYS2d 158] —In an action, *inter alia,* to recover damages for malicious prosecution, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered December 13, 1996, which, upon granting the separate motions of the defendants to dismiss the complaint insofar as asserted against them, dismissed the complaint with prejudice. By decision and order on motion dated August 18, 1997, this Court dismissed the appeal as against all of the respondents except Charles Raab. By decision and order dated December 23, 1997, this Court, upon granting the plaintiffs' motion to renew, reinstated the appeals as against the respondents Dawud Muhammad and Goldome.

Ordered that the appeal is dismissed to the extent that it seeks review of the dismissal of the complaint insofar as asserted against the defendant Charles Raab; and it is further,

Ordered that judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents Dawud Muhammad and Goldome.

Insofar as the issues raised in this appeal pertain to the defendant Charles Raab, they could have been reviewed in connection with the plaintiffs' appeal from an earlier order which granted Raab's motion to dismiss the complaint insofar as asserted against him. The dismissal of that appeal by decision and order on motion of this Court dated December 14, 1994, for failure to prosecute constituted an adjudication on the merits of all of the issues which could have been reviewed therein, and the plaintiffs are precluded from obtaining appellate review of those issues on the present appeal from the judgment (*see, Bray v Cox,* 38 NY2d 350; *Tepper v Furino,* 239 AD2d 405; *Feeley v Midas Props.,* 221 AD2d 314).

The remaining respondents are entitled to the dismissal of the complaint insofar as asserted against them, as there is no cause of action in the State of New York sounding in negligent prosecution (*see, Secard v Department of Social Servs.,* 204 AD2d 425, 426-427; *Pandolfo v U.A. Cable Sys.,* 171 AD2d 1013). A plaintiff seeking damages for an injury resulting from

a wrongful arrest and detention "may not recover under broad general principles of negligence * * * but must proceed by way of the traditional remedies of false arrest and imprisonment" (*Boose v City of Rochester,* 71 AD2d 59, 62; *see, Stalteri v County of Monroe,* 107 AD2d 1071; *Russo v Village of Port Chester,* 198 AD2d 408).

To the extent that the plaintiffs are alleging negligent misrepresentation, the record establishes that the plaintiffs did not rely to their detriment on any information provided by the respondents. Thus, that cause of action must fail (*see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 425; *Collins v Brown,* 129 AD2d 902).

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.