**Nashaat N. ANTONIOUS and Soheri F. Antonious, Plaintiffs,**

v.

**Dawud MUHAMMAD, et al., Defendants.**

No. 91 CIV. 2899(JES).

United States District Court, S.D. New York.

April 26, 2000.

is granted and this action is dismissed with prejudice.

## BACKGROUND

The underlying facts relevant to this action are summarized in a previous Memorandum Opinion and Order of this Court dated January 19, 1995. *See Antonious v. Muhammad,* 873 F.Supp. 817, 824 (S.D.N.Y.1995) (J. Sprizzo) (*"Antonious I "*). In *Antonious I,* this Court dismissed this action as to all other defendants under the doctrine of *res judicata,* finding that plaintiffs had brought an identical state action that was dismissed on the merits as to such defendants. *See id.* at 824. Similarly, remaining defendants argue here that plaintiffs' claims as to them are also barred by *res judicata* because they were dismissed on the merits in the previous state court action.

This instant action was commenced on April 29, 1991 in the Southern District of New York. *See* Complaint dated April 29, 1991 ("Complaint") at 1. With leave of the Court, plaintiffs amended their Complaint on June 1, 1993. *See* Amended Complaint dated June 1, 1993 ("Amended Complaint") at 1. The claims against the remaining defendants here are contained in the Amended Complaint's seventh cause of action which alleges that defendant Muhammad, a branch manager at defendant Goldome Bank, was negligent in the performance of his duties as a notary public. *See* Amended Complaint at 25. Further, the Amended Complaint alleges that Goldome Bank was negligent in training and supervising Muhammad. *See id.*

On November 1, 1991, plaintiffs commenced a suit in New York State Supreme Court ("the State Action"), which both parties stipulate is identical to the instant action.[1] *See* Defendants' 3(g) Statement of

Norman L. Cousins, New York City, for Plaintiffs.

Conway, Farrell, Curtin & Kelly (Kevin J. Kelly, Jonathan Eujio, of counsel), New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, Senior District Judge.

Plaintiffs Nashaat N. Antonious and Soheri F. Antonious ("plaintiffs") bring the above-captioned action against the remaining defendants in this action, Dawud Muhammad and Goldome Bank ("defendants" or "remaining defendants"), alleging claims based on false arrest, malicious prosecution, abuse of process, intentional infliction of emotional distress and various civil rights violations. Defendants move for summary judgment, arguing that plaintiffs' complaint is barred by the doctrine of *res judicata.* For the reasons stated below, defendants' motion for summary judgment

---

1. Plaintiffs allegedly filed the State Action to ensure a forum for litigation if the instant federal action was dismissed for lack of subject matter jurisdiction. *See* Plaintiffs' Memorandum of Law in Opposition to Dawud Muhammad and Goldome's Motion for Summary Judgment dated May 25, 1999 at 15.

Material Facts Not in Dispute dated February 16, 1999 ("Defendants' Statement") at ¶ 1; Statement of Plaintiffs Pursuant to Local Rule 56.1 dated May 25, 1999 ("Plaintiffs' Statement") at ¶ 1. The Supreme Court dismissed the State Action on May 28, 1993, and a judgment, as drafted by counsel to plaintiffs, was entered on December 13, 1996. *See* List of Exhibits filed by Plaintiffs dated September 30, 1993, Exhibit 28, Order of the Supreme Court dated May 28, 1993 ("the May 28th Order"); Defendants' Affirmation in Support of Notice of Motion dated February 16, 1999, Exhibit E, Judgment dated December 13, 1996 ("State Court Judgment").[2] The May 28th Order noted that "[d]efendants have moved for an order dismissing the complaint for failure to state a cause of action and for summary judgment since there are not triable issues of fact . . . [and] [p]laintiffs have not opposed the applications on the merits." May 28th Order at 1. While not expressly discussing the merits of plaintiffs' claims, the Supreme Court denied plaintiff's cross-motion for an order discontinuing the action without prejudice, and stated that "[u]pon review of the papers submitted, the court grants the applications and cross-application by defendants and the complaint is dismissed, *with prejudice.*" *Id.* (emphasis in original). It also stated that "[p]laintiffs cross-application for an order discontinuing this action without prejudice is denied." *Id.* Subsequently, the State Action Judgment, as entered by plaintiff, ordered that the action be dismissed "with prejudice." *See* State Action Judgment at 4. It also contained recitals that plaintiffs had not addressed the merits of the motion and

that plaintiffs had asked that the State Action be dismissed without prejudice in deference to the instant federal action. *See id.* at 2–4.

Plaintiffs appealed the State Action Judgment before the Supreme Court, Appellate Division, Second Department. *See Antonious v. Muhammad*, 673 N.Y.S.2d 158, 250 A.D.2d 559 (N.Y.App.Div.1998) (the *"Appellate Division Opinion"*). In their appeal, plaintiffs again refused to litigate the merits of their claim and asked the Court to modify the State Action Judgment to read "with prejudice but not on the merits." *See Appellate Division Opinion*, Appellants' Brief ("Appellants' Brief") at 12. By opinion dated May 4, 1998, the Appellate Division affirmed the State Supreme Court's ruling and dismissed all of plaintiffs' claims as to the remaining defendants in this action. *See Appellate Division Opinion*, 673 N.Y.S.2d at 159. In dismissing plaintiffs' claims, the Appellate Division ruled that: (1) "there is no cause of action in the State of New York sounding in negligent prosecution"; (2) plaintiffs could not "recover under broad principals of negligence"; and (3) plaintiffs' negligent misrepresentation claim "must fail" because "the record establishes that the plaintiffs did not rely to their detriment on any information provided by the respondents." *Id.* (internal citations and quotations omitted). In concluding, the Appellate Division explicitly stated that "plaintiffs' remaining contentions are without merit." *Id.* Plaintiffs sought leave to appeal this decision before the New York State Court of Appeals which was denied on September 17, 1998. *See Anto-*

2. As explained by the parties, on May 28, 1993, the State Supreme Court dismissed the State Action as to both the remaining defendants in this action and those defendants who moved for summary judgment in *Antonious I*. *See* Transcript of Oral Argument dated June 25, 1999 at 14–19. The remaining defendants, however, were unaware that the State Action had been dismissed as to them at that time because they never moved for summary

judgment in that action. *See id.* The State Supreme Court subsequently informed the parties on December 19, 1995 that it had dismissed the State Action in its entirety in its original order of May 28, 1993. *See id.* Soon thereafter, the State Supreme Court signed plaintiffs' proposed judgment finalizing the dismissal of the State Action in its entirety. *See id.*

*nious v. Muhammad,* 92 N.Y.2d 913, 680 N.Y.S.2d 52, 702 N.E.2d 837 (1998).

## DISCUSSION

Plaintiffs' action must be dismissed by this Court to the extent it is barred by the doctrine of *res judicata.* Pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must afford a state-court judgment the same preclusive effect it would have in the state court. *See Migra v. Warren City Sch. Dist. Bd. of Ed.,* 465 U.S. 75, 81–84, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28–30 (2d Cir.1986); *See also Rodriguez v. Beame,* 423 F.Supp. 906, 907 (S.D.N.Y.1976) (applying *res judicata* in civil rights action). Under New York law, "where there is a valid final judgment the doctrine of res judicata, or claim preclusion, bars future litigation between those parties on the same cause of action." *Hodes v. Axelrod,* 70 N.Y.2d 364, 371, 520 N.Y.S.2d 933, 937, 515 N.E.2d 612 (1987) (citing *Reilly v. Reid,* 45 N.Y.2d 24, 28, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978)).

■ As noted above, the parties have stipulated that all claims brought in this action against defendants are identical to those brought in the State Action. *See* Defendants' Statement at ¶ 1; Plaintiffs' Statement at ¶ 1. Thus, to apply *res judicata* in the instant action, this Court need only determine that the New York State courts entered a "valid final judgment" in the State Action. Plaintiffs argue that no such final judgment was entered in the State Action because that action was not dismissed on the merits. They note correctly that under New York law, a court may only utilize the preclusive effects of *res judicata* if a merit determination was made in the original action. *See Garg v. Albert Einstein College of Medicine,* 747 F.Supp. 231, 235 (S.D.N.Y.1990) (citing *Alco Gravure, Inc. v. Knapp Foundation,*

64 N.Y.2d 458, 465, 490 N.Y.S.2d 116, 119, 479 N.E.2d 752 (1985) and *Miller Mfg. Co. v. Zeiler,* 45 N.Y.2d 956, 958, 411 N.Y.S.2d 558, 559, 383 N.E.2d 1152 (1978) (per curiam)).

■ However, the Court rejects plaintiffs' claim that the State Action was not dismissed on the merits. While the Supreme Court's May 28th Order does not specifically discuss the merits of plaintiffs' claims, this Order expressly states that "[d]efendants have moved for an order dismissing the complaint for failure to state a cause of action and for summary judgment since there are not triable issues of fact," and that plaintiffs have not contested such motions on the merits. May 28th Order at 1. It further concludes that, "upon review," "the court grants the applications and cross-application by defendants and ... [p]laintiffs' cross-application for an order discontinuing the action without prejudice is denied." *Id.* Such language clearly expresses the State Supreme Court's decision to accept, in total, defendants' argument that the State Action should be dismissed on the merits. Similarly, this language expresses the Court's intention to reject, again in total, plaintiffs' argument to the contrary. It is thus clear that the Supreme Court intended to dismiss the State Action on the merits.

Further, plaintiffs argued explicitly before the Appellate Division that the State Court Judgment should be clarified to read "with prejudice *but not on the merits.*" Appellant's Brief at 12 (emphasis added). The Appellate Division rejected this request by noting specifically in its opinion that plaintiffs had no claims under New York law with respect to three of its causes of action. *See Appellate Division Opinion,* 673 N.Y.S.2d at 159. Additionally, beyond these statements, the Appellate Division concluded its opinion by stating in no uncertain terms that "plaintiffs' remain-

ing contentions are *without merit."* *Id.* (emphasis added). Such language read in conjunction with plaintiffs' request that the original State Court Judgment be amended to read "not on the merits" is more than sufficient to warrant this Court's conclusion that the State Action was fully dismissed on the merits.[3]

 Plaintiffs attempt to circumvent this ruling that *res judicata* precludes their claims by arguing that the State courts should not have ruled on the merits of their claims. This Court, however, may not undertake an independent review of the correctness of New York State courts' decisions. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *Rooker v. Fidelity Trust,* 263 U.S. 413, 415–416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Moreover, the *res judicata* effects of a state court judgment are not "altered by the fact that the judgment may have been wrong or rested on a legal principle subse-

quently overruled in another case." *Federated Dep't Stores Inc. v. Moitie,* 452 U.S. 394, 398–99, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (also noting that "[t]he doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case [and] [t]here is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.")(internal quotes and citations omitted); *see also Shea v. Shea,* 270 A.D. 527, 530, 60 N.Y.S.2d 823, 826 (1946). Thus, even *assuming arguendo* that the state courts wrongly decided the issues before them on the merits, since it is clear that they ruled on the merits, this Court must nonetheless give those rulings preclusive effect.[4]

### Denial of Due Process

 Plaintiffs argue finally that they have been denied due process of law because they have never argued their case on the merits. Plaintiffs, however, had an ample and full opportunity to address the merits of their claims at all stages of the

---

**3.** To support their claim that the Judgment was not on the merits, plaintiffs rely heavily upon N.Y.C.P.L.R. § 5013 (McKinney 1999), which states that "[a] judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise." Assuming this statute applies to dismissals following a pre-trial motion, the Appellate Division's ruling makes clear such dismissal was on the merits.

**4.** The state courts have had ample opportunity to pass upon plaintiffs' claim that the dismissal should not be on the merits because plaintiffs specifically requested that they be afforded this relief. The state trial court, the Appellate Division and the Court of Appeals each rejected this application. That being so, plaintiffs cannot persuasively argue that the state courts were erroneous in their view that *Brown v. Bullock,* 17 A.D.2d 424, 235 N.Y.S.2d 837 (1962), a case upon which plaintiffs heavily rely, has no application when the state courts have ruled on the merits of plaintiffs' claims. *See also Antonious I,*

873 F.Supp. at 822 (noting that the *Brown* court did not dismiss plaintiff's state claims without prejudice in response to defendants' dispositive motion, but rather did so only when plaintiff failed to proceed to trial and it moved for a voluntary discontinuance).

Moreover, while in the ordinary course the courts of New York do not dismiss an action on the merits when a party does not appear at all, there is strong authority that if a party fails to appear in response to a dispositive motion, a dismissal on the merits may be properly entered. *See Tortorello v. Carlin,* 260 A.D.2d 201, 206, 688 N.Y.S.2d 64 (N.Y.App.Div.1999) (noting that, when plaintiff failed to oppose a motion for summary judgment, "[e]ven if this Court were to reach the merits, on the record before the Court, the factual allegations of the moving papers, uncontradicted by plaintiff, are sufficient to entitle defendants to judgment dismissing the complaint as a matter of law"). The Court has no basis to conclude that where, as here, plaintiffs respond to the motion but choose not to oppose it on the merits, defendant is not entitled to judgment on the merits.

proceedings in State court. That they chose not to do so, even in the face of defendants' arguments that their claims were without merit, is by no means a violation of due process. *See Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 485, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), *reh'g denied,* 458 U.S. 1133, 103 S.Ct. 20, 73 L.Ed.2d 1405 (1982) (noting that the failure of plaintiffs to avail themselves of full procedures provided by state law "does not constitute a sign of their inadequacy"); *Schulz v. Williams,* 44 F.3d 48, 55 (2d Cir.1994) ("It is well established under both New York and federal law that a party to an action who had the opportunity to raise a claim, but failed to so, is barred from raising that claim in a subsequent action."). Accordingly, this Court finds that the application of the doctrine of *res judicata* to dismiss plaintiffs' claims in this action fully comports with constitutional due process requirements.

## CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of defendants. Defendants' application for attorneys' fees is denied. The Clerk of the Court is directed to close the above-captioned action.

It is **SO ORDERED**.