Nashaat N. ANTONIOUS, and Soheir
F. Antonious, Plaintiffs–
Appellants,

v.

Dawud MUHAMMAD, Goldome,
Charles Raab, Ronald Taggart, Mary
Murphy, County of Rockland, John
Grant, Walter J. Green, Jr., and Ken-
neth Gribetz, Defendants–Appellees.

No. 00–7662.

United States Court of Appeals,
Second Circuit.

May 1, 2001.

Norman Leonard Cousins, New York,
NY, for appellants.

Jonathan T. Uejio, Conway, Farrell,
Curtin & Kelly, P.C., New York, NY, for
appellees Dawud Muhammad and Gol-
dome.

Jeffrey S. Rovins, New York, NY, for
appellees Ronald Taggart, Mary Murphy,
John Grant, and Walter J. Green, Jr.

Alfred E. Page, Jr., Cerussi & Spring,
P.C., White Plains, NY, for appellee Coun-
ty of Rockland.

Peter J. Venaglia, Dornbush, Mensch,
Mandelstam & Schaeffer, LLP, New York,
NY, for appellee Kenneth Gribetz.*

Present NEWMAN, CABRANES,
Circuit Judges, THOMPSON, District
Judge.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgments of
said District Court be and hereby are AF-
FIRMED.

Plaintiffs-appellants Nashaat N. Antoni-
ous and Soheir F. Antonious timely appeal
from judgments entered by the District
Court on January 23, 1995 and April 28,
2000 that between them dismissed plain-
tiffs-appellants' claims against all defen-
dants-appellees. For the reasons stated
below, we affirm the judgments of the
District Court.

* By letter dated February 22, 2001, WILLIAM A.
GERARD, attorney for appellee CHARLES RAAB,
informed the Court that he would not request

oral argument, and that he would rely on the
briefs submitted by other appellees rather
than submit a brief on behalf of Mr. Raab.

 

Plaintiffs-appellants initiated this action ("the federal action") on April 29, 1991, and initiated another action ("the state action") one week later in Supreme Court, New York County. The state action was removed to Supreme Court, Rockland County ("the state court"), and was subsequently dismissed by the state court—as to defendant-appellee Gribetz by order dated March 31, 1993, and as to the remaining defendants-appellees by order dated May 28, 1993. On the basis of the state court's dismissal of the state action, defendants-appellees moved in the District Court for dismissal of the federal action as barred by *res judicata*. The District Court granted their motions.

On appeal, plaintiffs-appellants press one substantial argument—namely, that because the dismissal of the state court action recited that it was dismissed "with prejudice" and did not say "on the merits," the New York law [1] doctrine of *res judicata* does not bar the federal action. We disagree for substantially the reasons stated by Judge Sprizzo in his thorough, well-reasoned opinions of January 5, 1995, *see Antonious v. Muhammad,* 873 F.Supp. 817 (S.D.N.Y.1995), and April 28, 2000, *see Antonious v. Muhammad,* 95 F.Supp.2d 156 (S.D.N.Y.2000). Accordingly, we affirm the judgments of the District Court.

We have considered plaintiffs-appellants' remaining arguments and conclude that they are without merit.

For the reasons stated above, the judgments of the District Court are AFFIRMED.

---

1. The parties briefs rely on New York preclusion law, and such "implied consent ... is sufficient to establish choice of law." *Teh-* *ran–Berkeley Civil & Envtl. Eng'rs v. Tippetts–Abbett–McCarthey–Stratton,* 888 F.2d 239, 242 (2d Cir.1989)