Laura Andrew, Inc., Plaintiff,

against
DLRA Group, LLC, Defendant.


606721-18

SOLOMON & CRAMER LLP
Attorneys for Plaintiff
1441 Broadway, Suite 6026
New York, New York 10018
RICHMAN & LEVINE, P.C.
Attorneys for Defendant
666 Old Country Road, Suite 101
Garden City, New York 11530


Elizabeth Hazlitt Emerson, J.

Upon the following papers read on this motion for partial summary judgment ; Notice of Motion and supporting papers 10-25 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers27-33 ; Replying Affidavits and supporting papers34 ; it is,
ORDERED that the motion by the plaintiff for partial summary judgment is granted; and it is further
ORDERED that the parties are directed to proceed to trial on the issue of damages on the first two causes of action; and it is further
ORDERED that, upon service of a copy of this order with notice of entry, the defendant is directed to turn over to the plaintiff any rents received within five business days of their receipt; [*2]and it is further
ORDERED that the defendant is directed not to interfere with the plaintiff's right to collect and receive rent after the date of this action.
The property that is the subject of this action was sold by the plaintiff Laura Andrew, Inc. ("Laura Andrew"), to Holub Enterprises, Inc. ("Holub Enterprises") on January 21, 2005. Laura Andrew took back a purchase money mortgage in the principal amount of $850,000.00. In September 2006, Laura Andrew loaned Richard Holub and Holub Enterprises (the "Holubs") another $30,000, which was secured by a second mortgage on the property. The Holubs defaulted on both loans by failing to pay them when they matured in February 2010.
On June 17, 2011, DL Rothberg & Associates, P.C. ("DL Rothberg") entered a judgment by confession in the amount of $349,917.74 against the Holubs in the Supreme Court, Suffolk County, for unpaid legal fees. On July 9, 2015, DL Rothberg assigned the judgment to the defendant DLRA Group, LLC ("DLRA"). On July 14, 2015, the property was sold at a public auction to satisfy the judgment. The property was purchased at the auction by DLRA for $60,000, subject to the two mortgages held by Laura Andrew. On February 17, 2016, Laura Andrew commenced an action in this court to foreclose the two mortgages (Index No. 602520-16). By an order dated March 20, 2017, Laura Andrew's motion for summary judgment and the appointment of a referee was granted, and DLRA's cross motion for summary judgment dismissing the complaint was denied. DLRA moved for reargument of that order. By a subsequent order dated January 22, 2018, this court granted reargument and adhered to its original determination. The judgment of foreclosure and sale was signed on the same day. DLRA appealed from the judgment and moved for an automatic stay pursuant to CPLR 5519 (a) (6) pending hearing and determination of the appeal. The court granted DLRA's application for a temporary restraining order and enjoined enforcement of the judgment and sale of the property pending further order of the court. By an order dated September 10, 2018, the matter was referred to a hearing to fix the amount of the undertaking to be posted by DLRA.
Laura Andrew commenced this action on April 9, 2018, to recover the rents generated by the property. The complaint contains three causes of action for conversion, breach of contract, and an accounting. DLRA's answer contains ten affirmative defenses and two counterclaims. The counterclaims are: (1) to set aside the mortgages on the property as fraudulent conveyances pursuant to Debtor and Creditor Law § 276 and (2) to recover damages for tortious interference with DLRA's lease of the property. Laura Andrew moves for partial summary judgment on the issue of liability on the first two causes of action for conversion and breach of contract and for dismissal of DLRA's affirmative defenses and counterclaims.
The first mortgage contains an assignment-of-rent clause that provides, in pertinent part, as follows:
"Borrower hereby absolutely and unconditionally assigns to Lender Borrower's right, title and interest in and to all current and future Leases and Rents; it being intended by Borrower that this assignment constitutes a present, absolute assignment and not an assignment for additional security only. Notwithstanding the foregoing, Lender grants to Borrower a revocable license to collect and receive the Rents . . . .
"Upon the occurrence of any Event of Default . . . the license granted to Borrower to collect and receive rents hereunder shall automatically be revoked and Lender may enter [*3]into or upon the Property . . . and Borrower agrees to surrender possession . . . of the Property to Lender upon demand and thereupon Lender may . . . (iv) exercise all rights and powers of Borrower with respect to the Property . . . including without limitation, the right to make, cancel, enforce or modify Leases, obtain and evict tenants, and demand, sue for, collect and receive all Rent of the Property and every part thereof . . . .
The second mortgage also contains an assignment-of-rent clause. That clause provides, in pertinent part, as follows:
"That the mortgagor hereby assigns to the mortgagee, the rents . . . of the premises as further security for the payment of said indebtedness, and the mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for the purpose of collecting the same and to let the premises or any part thereof, and to apply the rents . . . after the payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the purpose of collecting said rents . . . and the mortgagor shall be entitled to collect and receive said rents . . . until default under any of the covenants, conditions, or agreements contained in this mortgage . . . such right of the mortgagor may be revoked by the mortgagee upon any default, or five days' written notice . . . .
The court finds that Laura Andrew has established, prima facie, its entitlement to judgment as a matter of law. Richard Holub and Holub Enterprises defaulted on both loans by failing to pay them when they matured in February 2010. Upon their default, the Holubs' right to collect the rents was revoked. DLRA acquired the property on or about August 2, 2015, subject to the two mortgages held by Laura Andrew. By a letter dated May 15, 2017, Laura Andrew demanded, inter alia, that DLRA turn over "all rents and income received on the Property." DLRA failed to comply.
Contrary to DLRA's contentions, the mortgages were not extinguished with entry of the judgment of foreclosure and sale. Under New York law, a foreclosed mortgage is not merged into the foreclosure judgment until the actual sale of the property occurs (In re Acevedo, 26 BR 994, 997 [and cases cited therein]). The mortgage "exists" up to the time of the sale of the property (Id.). Thus, Laura Andrew may enforce its rights under the mortgages until the property is sold. Laura Andrew is not seeking to enforce the judgment, which directs the sale of the property, but to enforce the assignment-of-rent clauses in the mortgages. Accordingly, there is no violation of the temporary restraining order or automatic stay.
DLRA contends that there is no breach of contract because there is no privity of contract between the parties. DLRA is a judgment creditor of Richard Holub and Holub Enterprises, who are judgment debtors. As a judgment creditor, DLRA stands in the shoes of the judgment debtors (Siegel, NY Prac § 488 at 930 [Conners 6th ed 2018]). If an asset in the hands of the debtors is available but encumbered, it can be levied, but only as encumbered (Id. at 931). Here, the property is encumbered by two mortgages with assignment-of-rent clauses that allow Laura Andrew to collect and receive the rents upon the default of the mortgagors, Richard Holub and Holub Enterprises. Once the Holubs defaulted, their right to collect and receive the rents was revoked. Since DLRA stands in their shoes and they have defaulted on both loans, Laura Andrew now has the right to collect and receive the rents.
DLRA contends that the assignment-of-rent clauses are for additional security only. Therefore, they are not self-executing. DLRA also contends that Laura Andrew has not taken any affirmative steps to enforce them. 
Under New York law, a mortgage that includes an assignment of rents as additional security is not self-executing and operates merely as a pledge of the rents (In re Pine Lake Village Apartment Co., 17 BR 829, 833). It does not automatically entitle the mortgagee to the rents (Builders Bank v Rockaway Equities, LLC, US Dist Ct, EDNY, Sept. 23, 2011, Cho, MJ [2011 WL 4458851] at *10). The mortgagee must assert its right by taking affirmative steps to collect the rents upon default (Id.; In re Pine Lake Village Apartment Co., supra). In the absence of a contract provision to the contrary, after a default, the mortgagee must take some action to enforce its security interest in the rent, such as appointing a receiver to collect the rents, taking possession of the property, commencing foreclosure proceedings, or seeking an order for sequestration of rents (Builders Bank v Rockaway Equities, LLC, supra [ and cases cited therein]). Ultimately, the effect of the assignment-of-rent clause depends on the intent of the parties (Id.). In those cases in which a rent-assignment clause was held to be self-executing, the courts found that the parties intended to effect an absolute and unqualified assignment from the time of default to take effect as of the date of the mortgage (Id.).
While Laura Andrew contends that language of the assignment-of-rent clauses in both mortgages reflects an "absolute" and "unqualified" assignment, the court finds that the assignment-of-rent clause in the second mortgage contains no such language and clearly indicates that it was put there "as further security for the payment of [the] indebtedness." In any event, the record reflects Laura Andrew took steps to enforce its security interest in the rent. It commenced the related mortgage-foreclosure action. It sent a demand letter to DLRA for the turnover of "all rents and income received on the Property." It moved for the appointment of a receiver in the foreclosure action, which was denied, and subsequently commenced this action. Accordingly, the court finds that DLRA has failed to raise a triable issue of fact in opposition to Laura Andrew's prima facie showing on the first two causes of action.
Turning to the remainder of Laura Andrews' motion, DLRA does not oppose dismissal of its tortious-interference counterclaim and nine of its ten affirmative defenses. It only opposes dismissal of its fraudulent-conveyance counterclaim and affirmative defense. DLRA argues that, contrary to Laura Andrew's contentions, its fraudulent-conveyance claim is not precluded by either res judicata or collateral estoppel.
The doctrines of res judicata and collateral estoppel are designed to put an end to a matter once it is duly decided (Eagle Surgical Supply, Inc. v AIG Indemnity Ins. Co., 40 Misc 3d 139(A) at *1). Res judicata, or claim preclusion, is invoked when a party, or those in privity with that party, seek to relitigate a disposition on the merits of claims or causes of action arising out of the same transaction or series of transactions that were raised, or could have been raised, in a prior litigation (Id. [and cases cited therein]). In order to apply the preclusive effect of res judicata, the original action must have been decided on the merits (see, Miller Mfg. Co. v Zeiler, 45 NY2d 956, 958).
Collateral estoppel is a narrower species of res judicata. It precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, or those in privity therewith (Ryan v New York Tel. [*4]Co., 62 NY2d 494, 500). For collateral estoppel to apply, the identical issue must have been decided in the prior action and must be decisive of the present action, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (see, Kaufman v Lilly & Co., 65 NY2d 449, 455).
The court finds that DLRA had a full and fair opportunity to litigate the fraudulent-conveyance issue in the prior mortgage-foreclosure action. DLRA was a defendant in that action. It raised the fraudulent-conveyance issue in opposition to Laura Andrew's motion for summary judgment and in support of its own cross motion for summary judgment. The issue was extensively briefed and ultimately rejected by the court in its March 20, 2017, order, which granted Laura Andrew's motion and denied DLRA's cross motion. DLRA moved for reargument of that order, raising the fraudulent conveyance issue again. The court granted reargument and adhered to its original determination.
Contrary to DLRA's contentions, the grant of summary judgment is the procedural equivalent of a trial and results in a final judgment on the merits, which bars another action between the same parties based upon the same cause of action (see, Collins v Bertram Yacht Corp., 42 NY2d 1033, 1034). Moreover, the mere pendency of an appeal does not deprive a challenged judgment of its res judicata or collateral-estoppel effect (see, Matter of Amica Mutual Ins. Co. [Jones], 85 AD2d 727; 728; Antonious v Muhammad, 873 F.Supp. 817, 824, affd 8 Fed Appx 78; 10A Carmody-Wait 2d § 70:245).
In view of the foregoing, DLRA's affirmative defenses and counterclaims are dismissed. The parties are directed to proceed to trial on the issue of damages on the first two causes of action. Upon service of a copy of the order with notice of entry, any rents received by DLRA shall be turned over to Laura Andrew within five business days, and DLRA is directed not to interfere with Laura Andrew's right to collect and receive rent after the date of this order.
Dated: December 6, 2018
Hon. Elizabeth Hazlitt Emerson
J.S.C.